UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTYNA DORSZ, an individual; <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM.CA, INC., a Delaware corporation; AMAZON.COM, INC., a Delaware corporation; and DOES 1–10; <br><br> Defendants. | Case No. 21-cv-1487 <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT, and <br><br> 2. VICACRIOUS and/or CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

Plaintiff Justyna Dorsz ("Dorsz" or "Plaintiff"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

Plaintiff Justyna Dorsz is a Polish artist whose livelihood is dependent on her ability to license her artwork and sell merchandise bearing her designs. Unfortunately, Dorsz's artwork has been misappropriated and incorporated into unauthorized apparel and personal accessory items

COMPLAINT

Case No. 21-cv-1487

1

being sold on Amazon.com, Inc.'s ("Amazon") website and marketplace, www.amazon.com ("Amazon Website") as well as Amazon.com.ca, Inc.'s ("Amazon Canada" and together with Amazon, the "Amazon Defendants") website, www.amazon.ca ("Amazon Canada Website"). Both Amazon Defendants were the recipients of fully compliant notices of copyright infringement under the Digital Millennium Copyright Act ("DMCA") from Plaintiff, yet Plaintiff's copyrights continue to be infringed upon on their respective websites. This action is brought to address the Amazon Defendants' failure to comply with the DMCA and the resulting ongoing and willful infringement of Plaintiff's rights in and to her artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1338(a).

3. Defendants Amazon.com.ca, Inc., and Amazon.com, Inc. are subject to personal jurisdiction in Washington because they maintain their principal place(s) of business in this state, at 410 Terry Avenue North, Seattle, Washington 98109.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) & (c)(2) because this is the judicial district in which a substantial part of the events giving rise to the claim occurred and this is the jurisdiction in which Defendants may be found.

## PARTIES

5. Plaintiff Justyna Dorsz ("Plaintiff") is an individual domiciled and residing in Czempin, Poland.

6. Upon information and belief, Defendant Amazon.com.ca Inc., is organized and existing under the laws of the State of Delaware with its principal place of business located in Seattle, Washington.

COMPLAINT

Case No. 21-cv-1487

2

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

7. Upon information and belief, Defendant Amazon.com.ca, Inc., is a wholly owned subsidiary or affiliate of Defendant Amazon.com, Inc.

8. Upon information and belief, Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Seattle, Washington.

9. Upon information and belief, Defendant Amazon fully controls the actions and operations of Defendant Amazon Canada, including but not limited to its intellectual property and DMCA reporting practices and procedures.

10. Upon information and belief, Defendants DOEs 1-5, inclusive, are manufacturers and/or distributors of products offered for sale on the Amazon Website and/or Amazon Canada Website, which Defendants DOEs 1-5 have manufactured, imported, supplied, and distributed apparel and other products bearing unlawful reproductions of Plaintiff's designs without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual, or otherwise of Defendants DOEs 1-5, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

11. Upon information and belief, Defendants DOEs 6-10, inclusive, are retailers and/or vendors of products offered for sale on the Amazon Website and/or the Amazon Canada Website, which Defendants DOEs 6-10 have displayed and distributed apparel and other products bearing unlawful reproductions of Plaintiff's designs without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual, or otherwise of Defendants DOEs 6-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by

COMPLAINT

Case No. 21-cv-1487

3

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

12. Upon information and belief, and at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**BACKGROUND**

13. Prior to the conduct complained of herein, Plaintiff created twelve (12) original and individual works (the "Subject Works"). Each is a two-dimensional artwork for use, license, and sale on t-shirts. The Subject Works were a creation of Plaintiff, and are, and at all relevant times were, owned exclusively by Plaintiff. The Subject Works, along with their accompanying effective dates and U.S. Copyright Registration numbers, are as follows:

| | Title | Effective Date | Registration Number |
|---|---|---|---|
| 1) | Not Today | January 7, 2021 | VA0002240645 |
| 2) | Overthinking and Also Hungry | July 29, 2021 | VA0002263723 |
| 3) | Vaguely Aware of Social Norms | August 3, 2021 | VA0002264797 |
| 4) | Projecting Calm – Internally Panicking | August 10, 2021 | VA0002263581 |
| 5) | Space Botanica | August 10, 2021 | VA0002263484 |
| 6) | Saturn The Cat | August 3, 2021 | VA0002264822 |
| 7) | Adequate Expression of Feelings | August 9, 2021 | VA0002263818 |

COMPLAINT

Case No. 21-cv-1487

4

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

| Title | Effective Date | Registration Number |
|---|---|---|
| 8) Full of Pizza and Doubts | August 3, 2021 | VA0002264802 |
| 9) All These Feelings | August 1, 2021 | VA0002264833 |
| 10) Pocket Wonderland | September 17, 2021 | VA0002270943 |
| 11) Get Your Own Pizza, Human! | August 9, 2021 | VA0002263814 |
| 12) Antisocial Today and Also Always | August 3, 2021 | VA0002264814 |

14. Annexed hereto as **EXHIBIT A** are each of the Subject Works and true and accurate reproductions of the deposit materials submitted to the United States Copyright Office.

15. Prior to the acts complained of herein, Plaintiff posted the Subject Works onto her website, www.JustynaDorsz.com, and offered them for sale on t-shirts via third party websites, including but not limited to, RedBubble.com, Threadless.com, and HotTopic.com.

16. Following Plaintiff's publication and distribution of products bearing the Subject Works, she discovered that certain entities and individuals had misappropriated the Subject Works and were selling apparel and personal accessory products bearing illegal reproductions of the Subject Works on the Amazon Website and the Amazon Canada Website.

17. Upon information and belief, and without Plaintiff's authorization, Defendants created, sold, manufactured, caused to be created, manufactured, displayed, imported, and/or distributed, apparel and other products bearing designs which are identical, or substantially similar, to the Subject Works ("Infringing Products").

18. Exemplars of the Infringing Products are annexed hereto as **EXHIBIT B**. The exemplars clearly show that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical to the Subject Works.

COMPLAINT

Case No. 21-cv-1487

5

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

19. The aforementioned exemplars are non-inclusive, and the allegations set forth herein are as to the entire universe of products that bear designs similar to the Subject Works, as used by Defendants, and each of them.

20. According to information available through the United States Copyright Office, Defendant Amazon maintains a registered copyright agent to receive notices of copyright infringement pursuant to the DMCA.

21. According to information available through the United States Copyright Office, Defendant Amazon Canada maintains a registered copyright agent to receive notices of copyright infringement pursuant to the DMCA.

22. Upon information and belief, Amazon and Amazon Canada in fact share the same resources, personnel, protocols, procedures, etc., to review and respond to notices of copyright infringement submitted pursuant to the DMCA.

23. Since August 31, 2021, Plaintiff submitted over 70 notices of copyright infringement to Amazon and Amazon Canada—in full compliance with the DMCA; namely, the required elements for a valid notification pursuant to 17 U.S.C. §512(c)(3). These notices were submitted via email to copyright@amazon.com—the registered e-mail address for the copyright agent for both Amazon and Amazon Canada. All of Plaintiff's notices of copyright infringement are incorporated by reference to this pleading.

24. Since September 19, 2021, Plaintiff alerted Amazon to 96 unique listings offering Infringing Products. Plaintiff requested removal/disablement of all the specified listings containing Infringing Products.

COMPLAINT

Case No. 21-cv-1487

6

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

25. Since August 31, 2021, Plaintiff alerted Amazon Canada to 695 unique listings offering Infringing Products. Plaintiff requested removal/disablement of all the specified listings containing Infringing Products.

26. Plaintiff also re-submitted to Amazon Canada fully compliant notices of copyright infringement regarding 137 listings that were previously reported to Amazon Canada.

27. Despite full and compliant notifications of copyright infringement, Amazon and Amazon Canada sent a variety of responses, such as, (1) confirmation that certain reported listings were removed—even when the very same listings remain active and available for purchase as of the filing of this complaint; (2) notification to Plaintiff that Plaintiff's notices were not processed and must be submitted exclusively through the online Notice of Copyright Infringement system; (3) notification to Plaintiff that her notifications were incomplete, even when the notices were fully compliant with 17 U.S.C. §512(c)(3); and (4) notification that the Infringing Product does not match Plaintiff's design—even when the specific Infringing Product clearly reproduces the central element of Plaintiff's design, or otherwise incorporates Plaintiff's design into another work, thereby creating a derivative work.

28. The responses listed in the previous paragraph are non-inclusive or exhaustive and are only representative of the nature of the responses provided by Amazon and Amazon Canada.

29. Despite submitting fully compliant and complete notices of infringement, Amazon has **failed** to remove or disable access to all reported listings.

30. Despite submitting fully compliant and complete notices of infringement, Amazon Canada has <u>removed or disabled access to only 10 listings</u>.

31. As of the filing of this Complaint, the remaining listings on Amazon.com and Amazon.ca remain active and available for purchase by consumers.

COMPLAINT

Case No. 21-cv-1487

7

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

32. To this day, Plaintiff continues to provide notices of copyright infringement to Amazon and Amazon Canada for newly discovered Infringing Products bearing the Subject Works.

33. Upon information and belief, both Amazon and Amazon Canada are electing to not act upon Plaintiff's valid notices of copyright infringement, despite clear and specific knowledge of infringing activity on their respective websites.

34. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in blatant disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement.

## DMCA SAFE HARBOR PROTECTION

35. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

36. As online service providers that host content for third parties, both Amazon and Amazon Canada are offered protection under the safe harbor provisions of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512.

37. Upon information and belief, Amazon and Amazon Canada can remove or disable access to each listing containing an infringing product that is hosted on their respective websites.

38. Amazon has an agent registered with the United States Copyright Office for receipt of notices pursuant to the DMCA, presently: Amazon.com Legal Department, PO Box 81226 Seattle, WA 98108, with an e-mail address of copyright@amazon.com.

COMPLAINT

Case No. 21-cv-1487

8

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

39. Amazon Canada has an agent registered with the United States Copyright Office for receipt of notices pursuant to the DMCA, presently: Amazon.ca Legal Department, PO Box 81226 Seattle, WA 98108, with an e-mail address of copyright@amazon.com.

40. Plaintiff never authorized the infringing uses of the Subject Works, as set forth above, and requested the removal/disablement of all Infringing Products.

41. Upon information and belief, Amazon and Amazon Canada's variety of responses to Plaintiff's notices of copyright infringement clearly indicate that Amazon is moderating the removal of content, beyond merely examining the notices to ensure compliance with the DMCA.

42. Upon information and belief, Amazon and Amazon Canada are electing to ignore Plaintiff's compliant and complete notices of copyright infringement.

43. Upon information and belief, Amazon and Amazon Canada have no basis in law or fact to require copyright owners to use their infringement reporting form located on their respective websites.

44. Upon information and belief, Amazon and Amazon Canada provided specific directions to its employees and/or independent contractors as to how to examine and act upon notifications of copyright infringement, including specific instructions to direct copyright owners to use the infringement reporting form, or otherwise not act upon notifications received at copyright@amazon.com.

45. Upon information and belief, and upon receiving a valid notification of copyright infringement, Amazon and Amazon Canada failed to act expeditiously to remove or disable access to Infringing Products.

COMPLAINT

Case No. 21-cv-1487

9

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

46. Amazon and Amazon Canada have either failed to act entirely or failed to act expeditiously to remove or disable access to Infringing Products after receiving compliant and complete notices of copyright infringement.

47. Plaintiff's notifications of copyright infringement constitute actual knowledge that the specific material, reported to Amazon and Amazon Canada, and residing on their system or network, are infringing in nature.

48. Plaintiff's notifications of copyright infringement constitute specific facts and circumstances from which infringing activity is apparent.

49. Despite obtaining actual or red flag knowledge, Amazon and Amazon Canada failed to act expeditiously to remove or disable access to the infringing material.

50. As of the filing of this Complaint, over 90 unique listings containing Infringing Products remain active and available for purchase on the Amazon Website.

51. As of the filing of this Complaint, well over 675 unique listings containing Infringing Products remain active and available for purchase on the Amazon Canada Website.

52. For each of the aforementioned reasons, both Amazon and Amazon Canada cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

53. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

54. Plaintiff is, and at all relevant times has been, the owner of the Subject Works.

55. The Subject Works are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

COMPLAINT

Case No. 21-cv-1487

10

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

56.	Plaintiff has complied in all respects with the provisions and requirements of the Copyright Act.

57.	Plaintiff duly registered the copyright to the Subject Works with the United States Copyright Office.

58.	Plaintiff has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Works.

59.	Without Plaintiff's authorization, the Subject Works were reproduced on products and were publicly displayed on, and distributed via, the Amazon Website and the Amazon Canada Website

60.	Defendants, and each of them, had actual knowledge of the infringement of Plaintiff's copyrights.

61.	Plaintiff provided notice to Amazon and Amazon Canada in compliance with the DMCA and both failed to expeditiously disable access to or remove infringing material on the respective websites.

62.	Amazon had actual knowledge of the listings containing Infringing Products located on the Amazon Website.

63.	Amazon Canada had actual knowledge of the listings containing Infringing Products located on the Amazon Canada Website.

64.	Amazon was aware of specific facts and circumstances of infringement on the Amazon Website yet failed to expeditiously disable or remove the content.

65.	Amazon Canada was aware of specific facts and circumstances of infringement on the Amazon Canada Website yet failed to expeditiously disable or remove the content.

COMPLAINT

Case No. 21-cv-1487

11

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

66. In failing to disable and/or remove access to the Infringing Products located on the Amazon Website after receipt of Plaintiff's DMCA notice, Amazon acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

67. In failing to disable and/or remove access to the Infringing Products located on the Amazon Canada Website after receipt of Plaintiff's DMCA notice, Amazon Canada acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

68. Amazon and Amazon Canada directly infringed Plaintiff's copyrights by continuing to allow public access to the infringing links on their respective websites and/or servers or on servers controlled by Amazon or Amazon Canada, or through access controlled by Amazon or Amazon Canada to third-party servers, and by continuing to allow sales of a vast array of infringing products.

69. Upon information and belief, Defendants, and each of them, had access to the Subject Works through, without limitation, accessing the Subject Works (a) on Plaintiff's website; (b) on various websites authorized to sell products bearing the design, including without limitation RedBubble.com and TeePublic.com; and (c) through third-party manufacturers and/or vendors of authorized product. Access is also established by the striking similarity between the Subject Works and the corresponding artwork on Defendants', and each of their, infringing products.

70. Upon information and belief, one or more of the Defendant DOEs 1–5 manufacturers/distributors has an ongoing business relationship with the Defendant DOEs 6–10 retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Works in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Works, or were an illegal derivation or modification thereof.

COMPLAINT

Case No. 21-cv-1487

12

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

71. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Works and by producing, distributing and/or selling apparel and/or other products which infringe the Subject Works through Amazon's worldwide network.

72. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business, including without limitation lost profits and lost licensing revenue, in an amount to be established at trial.

73. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

74. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Works in an amount to be established at trial.

75. Upon information and belief, Defendants and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

76. Plaintiff claims all damages and remedies available under 17 U.S.C. 504, *et seq*.

COMPLAINT

Case No. 21-cv-1487

13

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

77. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

78. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the Subject Works, as alleged herein.

79. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

80. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

81. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Works, in an amount to be established at trial.

82. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the

COMPLAINT

Case No. 21-cv-1487

14

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

83. Plaintiff claims all damages and remedies available under 17 U.S.C. 504, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against each Defendant as follows:

A. that the Court enter judgment against each Defendant setting forth that such Defendant has infringed Plaintiff's federally registered copyright to the Subject Works, as contemplated by 17 U.S.C. §501;

B. that each Defendant and its respective agents, officers, and servants be enjoined from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling, or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Subject Works;

C. impounding all unauthorized material that bears infringing copies of the Subject Works in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Works, pursuant to 17 U.S.C. §503(b);

D. that Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504(c);

E. that Plaintiff be awarded her attorneys' fees as available under 17 U.S.C. § 505;

F. that Plaintiff be awarded pre-judgment interest as allowed by law;

G. that Plaintiff be awarded the costs of this action; and

H. that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

COMPLAINT

Case No. 21-cv-1487

15

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120

**JURY DEMAND**

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

DATED: November 3, 2021        Respectfully submitted,

**THE JACOB FREEMAN LAW FIRM, PLLC**

By: _____
    Jacob P. Freeman, WSBA No. 54123
415 1st Avenue N No. 9466
Seattle, Washington  98109
Tel.:  (206) 350-1066
Fax:  (206) 350-1120
Email: jfreeman@jflpllc.com

**DANCHUK LAW, LLC**


By: */s/ Dmitry Lapin*
    Dmitry Lapin, Esq.
    (*Pro hac vice application forthcoming*)
2 Victoria Lane
Falmouth, Maine  04105
Tel.: (207) 464-0099
Email: dmitry@emilyesquire.com

*Attorneys for Plaintiff Justyna Dorsz*

COMPLAINT

Case No. 21-cv-1487

16

The Jacob Freeman Law Firm, PLLC
415 1st Avenue N | No. 9466
Seattle, Washington | 98109
P: (206) 350-1066 | F: (206) 350-1120